# EXHIBIT "1"

# EXHIBIT "1"

**SUMM**

new 1/27/16

# DISTRICT COURT

## CLARK COUNTY, NEVADA

Cameron E. Oliver

          Plaintiff(s),

    -vs-

Bell Trans, et al.

          Defendant(s).

CASE NO.  A-16-730572-C
DEPT. NO.  XXIX

## SUMMONS - CIVIL

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    (b) Serve a copy of your response upon the attorney whose name and address is shown below.

SUMM Civil.docx/1/21/2016

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

Leon Greenberg, Esquire
2965 S. Jones Boulevard, Suite E-3
Las Vegas, NV  89146

STEVEN D. GRIERSON
CLERK OF COURT          JAN 2 2 2016

By _____
Deputy Clerk             Date
ADELINE BELSEY
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV  89155

NOTE: When service is by publication, add a brief statement of the object of the action.  See Nevada Rules of Civil Procedure 4(b).

2

SUMM Civil.docx/1/21/2016

# AFFIDAVIT OF SERVICE

STATE OF _____ )
              ) ss:
COUNTY OF _____ )

_____, being duly sworn, says: That at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____ on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

**(Affiant must complete the appropriate paragraph)**

1. Delivering and leaving a copy with the Defendant _____ at (state address) _____
2. Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at (state address) _____

**[Use paragraph 3 for service upon agent, completing (a) or (b)]**

3. Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____
   (a) With _____ as _____, an agent lawfully designated by statute to accept service of process;
   (b) With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.
4. Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):
   ☐ Ordinary mail
   ☐ Certified mail, return receipt requested
   ☐ Registered mail, return receipt requested

addressed to the Defendant _____ at Defendant's last known address which is (state address) _____

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this _____ day of _____, 20_____.

_____
Signature of person making service

## DISTRICT COURT CIVIL COVER SHEET A-16-730572-C

County, Nevada

Case No. _____ XXIX
*(Assigned by Clerk's Office)*

### I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Cameron E. Oliver | Bell Trans, A NV Corp., |
| 6015 Tea Light Court | Brent J. Bell |
| Las Vegas, NV 89113 | 1900 Industrial Rd., Las Vegas, NV 89102 |
| | |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Leon Greenberg, Esq. Dana Sniegocki, Esq. | unknown |
| 2965 S. Jones Blvd., Suite E-3 | |
| Las Vegas, NV 89146 | |
| 702-383-6085 | |

### II. Nature of Controversy *(please select the one most applicable filing type below)*
**Civil Case Filing Types**

| Real Property | | Torts | |
|---|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** | |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability | |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct | |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort | |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort | |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort | |
| **Other Real Property** | ☐ Legal | | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | | |
| ☐ Other Real Property | ☐ Other Malpractice | | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing | |
|---|---|---|---|
| **Civil Writ** | | **Other Civil Filing** | |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim | |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment | |
| ☐ Writ of Quo Warrant | | ☑ Other Civil Matters | |

*Business Court filings should be filed using the Business Court civil coversheet.*

January 20, 2016                                      [signature]
Date                                                  Signature of initiating party or representative

*See other side for family-related case filings.*

Electronically Filed
01/20/2016 05:53:46 PM

CLERK OF THE COURT

1  COMP
2  LEON GREENBERG, ESQ., SBN 8094
   DANA SNIEGOCKI, ESQ., SBN 11715
3  Leon Greenberg Professional Corporation
   2965 South Jones Blvd- Suite E3
4  Las Vegas, Nevada 89146
   Tel (702) 383-6085
5  Fax (702) 385-1827
   leongreenberg@overtimelaw.com
6  dana@overtimelaw.com
7  Attorneys for Plaintiffs
8
9               DISTRICT COURT
10          CLARK COUNTY, NEVADA

11  CAMERON E. OLIVER, Individually )  Case No.:  A-16-730572-C
12  and on behalf of others similarly )
    situated,                          )  Dept.:     XXIX
13                                     )
              Plaintiff,                )
14                                     )  **COMPLAINT**
    vs.                                 )
15                                     )  **ARBITRATION EXEMPTION**
    BELL TRANS, A NEVADA                )  **CLAIMED BECAUSE THIS IS**
16  CORPORATION, and BRENT J. BELL, )  **A CLASS ACTION CASE**
                                       )
17           Defendants.                )
                                       )
18                                     )
                                       )
19                                     )
                                       )
20
21
22      CAMERON OLIVER, individually and on behalf of others similarly situated, by
23  and through their attorneys, Leon Greenberg Professional Corporation, as and for a
24  Complaint against the defendants, states and alleges, as follows:
25          **JURISDICTION, PARTIES AND PRELIMINARY STATEMENT**
26      1. The plaintiff, CAMERON OLIVER, (the "individual plaintiff" or the "named
27  plaintiff") is a resident of Clark County in the State of Nevada and is a former
28  employee of the defendants.

1

2. The defendant, BELL TRANS, A NEVADA CORPORATION, (hereinafter referred to as "Bell Trans" or one of the "defendants") is a corporation existing and established pursuant to the laws of the State of Nevada with its principal place of business in the County of Clark, State of Nevada and conducts business in Nevada.

3. The defendant, BRENT J. BELL, is, for the purposes of the claims made herein under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), an employer of the named plaintiff and the members of the putative plaintiff class as he has acted on behalf of an employer and/or acted as an employer by willfully, intentionally, knowingly or otherwise promoting, allowing, directing or otherwise creating the compensation policies alleged herein that violate the FLSA, such individual defendant also exercising the power he had with the other defendant, Bell Trans, by virtue of his status as an officer and/or manager and/or owner of the same to continue, create, or allow such policies to flourish and remain in existence

## INTRODUCTION

4. This is a class and collective action brought on behalf of all persons who worked for the defendants within the last three or four years as drivers of limousines, excluding in respect to the FLSA claims made herein all persons for whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service pursuant to the provisions of Section 204 of the Motor Carrier Act of 1935.

5. The class and collective action may include one or more sub-classes consisting of the drivers directly employed by Bell Trans, if the Court finds that more manageable.

6. Bell Trans, operates numerous limousines which have the capacity to transport 14 or fewer persons, along with their driver, and which have a gross vehicle weight of less than 10,000 pounds. A CDL (commercial drivers license) is not required to operate these limousines because they do not meet the 14 plus 1 (14 passengers plus a driver) minimum for Department of Transportation regulation.

7. While taxicab drivers are exempt from the overtime compensation provisions of the federal Fair Labor Standards Act, limousine drivers are not. *See*, April 17, 1998 Opinion Letter of the Wage and Hour Division of United States Department of Labor, reported at 1998 WL 852774, Section 24h03 of the United States Department of Labor's Field Operations Handbook, *Powell v. Carey Int'l, Inc.*, 483 F.Supp.2d 1168, 1172-73 (S.D. Fla. 2007); *Powell v. Carey Int'l, Inc.*, 490 F.Supp.2d 1202, 1213 (S.D. Fla. 2006) (Defendants are not exempt as taxicab operators when they have contract arrangements with local hotels, corporate clients, and destination management companies, and utilize large cars that are not traditionally recognized as taxicabs.); *Airlines Transp. v. Tobin*, 198 F.2d 249, 250 (4th Cir. 1952); *Wirtz v. Cincinnati, Newport and Covington Transp. Co.*, 375 F.2d 513, 515 (6th Cir. 1967).

8. Plaintiff and the members of the proposed plaintiff class spend most of their driving time driving vehicles that accommodate and can transport more than six passengers and are therefore not taxicabs as that term is defined by Nevada Revised Statutes (NRS) 706.8816(1), which says, "'Taxicab' means a motor vehicle or vehicles which is designed or constructed to accommodate and transport not more than six passengers, including the driver, and is: (a) Fitted with a taximeter or other device to indicate and determine the passenger fare charged; (b) Used in the transportation of passengers or light express or both for which a charge or fee is received; or (c) Operated in any service which is held out to the public as being available for the transportation of passengers from place to place in the State of Nevada."

9. Plaintiff and the members of the proposed plaintiff class in most or all weeks of their employment operate as part of their employment during each such week a traditional limousine, as that term is defined in either Nevada Administrative Code (NAC) 706.124 having a capacity of less than nine passengers (including the driver), such traditional limousines also having a gross vehicle weight rating ("GVWR") of less than 10,000 pounds for purposes of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("SAFETEA-LU"). Pub. L. No. 109-

59, 119 Stat. 1144 (2005) and the SAFETEA-LU Technical Corrections Act of 2008. Pub. L. No. 110-244, 122 Stat. 1572 (2008) ("Technical Corrections Act" or "TCA"). This means the plaintiff and the members of the proposed plaintiff class were not subject to the overtime exemption of Section 13(b)(1) of the Fair Labor Standards Act during most or all of their weeks of employment since they were "covered employees" within the meaning of the TCA as a result of such circumstances.

10. Even if the plaintiff and the members of the proposed plaintiff class were not "covered employees" within the meaning of the TCA during certain, or all, weeks of their employment, they do not drive passengers with "through tickets" from airlines for travel interstate, and otherwise are not involved in the interstate transportation of passengers and/or property, and as a result they are not exempt from overtime under Section 13(b)(1) of the Fair Labor Standards Act. *See*, Section 24c04 of the United States Department Field Operations Handbook, which states with original emphasis, "Therefore, Sec 13(b)(1) will not apply except in the case of a through-ticketing or other common arrangements for continuous passage or interchange between the motor carrier and the air carrier."

11. In addition, plaintiff and the members of the proposed plaintiff class are not exempt from overtime compensation under Section 13(b)(1) of the Fair Labor Standards Act, because, if not for the reasons already alleged then for other reasons, the Secretary of Transportation does not have the power to establish qualifications and maximum hours of service pursuant to the provisions of Section 204 of the Motor Carrier Act of 1935 for these plaintiffs and proposed members of the plaintiff class.

12. Upon information and belief, there are no collective bargaining agreements applicable to the plaintiff and/or members of the proposed plaintiff class which waive the provisions of Article 15, Section 16 of the Constitution of the State of Nevada or any other minimum wage or overtime laws.

4

## CLASS ACTION AND COLLECTIVE ACTION ALLEGATIONS

13. The plaintiff brings this action as a class action pursuant to Nev. R. Civ. P. §23 on behalf of themselves and a class of all similarly situated persons employed by the defendants in the State of Nevada.

14. The class of similarly situated persons for Nev. R. Civ. P. 23 purposes consists of all persons employed by defendants from January 2, 2011 continuing until date of judgment, such persons being employed as limousine drivers such employment involving the driving of limousines for the defendant in the State of Nevada.

15. A common circumstance of the limousine drivers giving rise to the Nevada state law class action allegations and the Fair Labor Standards Act collective action allegations is that while they were employed by defendant they were not paid the minimum wage required by Nevada's Constitution, Article 15, Section 16 for many or most of the days that they worked in that their hourly compensation, when calculated pursuant to the requirements of said Nevada Constitutional provision, did not equal at least the minimum hourly wage provided for therein, and they were not paid the proper minimum wages or any overtime wages required by 29 U.S.C. §§ 206 and 207.

16. Pursuant to Section 16(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the individual plaintiff brings this Complaint as a collective action (also commonly referred to as an "opt-in" class), on behalf of themselves and all persons similarly situated, to wit a putative class of limousine drivers employed by the defendants in the State of Nevada from January 2, 2011 until entry of judgment after trial, such limousine drivers not being paid, on occasion, minimum wage in accordance with the FLSA and having, on occasion, worked in excess of 40 hours per week and not having been compensated at time and one-half their regular hourly rate for each hour worked in excess of 40 hours per week as required by the FLSA. Such weeks of work in excess of 40 hours per week are known to defendants who possess the plaintiff's work schedules and often arise during busy Las Vegas convention

5

times, such as during the consumer electronics show held in January of every year, with plaintiff CAMERON OLIVER also working in excess of 40 hours during the last week of October of 2015.

17. The named plaintiff is informed and believes, and based thereon alleges that there are at least 100 putative class action members. The actual number of class members is readily ascertainable by a review of the defendants' records through appropriate discovery.

18. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.

19. Proof of a common or single set of facts will establish the right of each member of the class to recover. These common questions of law and fact predominate over questions that affect only individual class members. The individual plaintiffs' claims are typical of those of the class.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action. This type of case is uniquely well-suited for class treatment since the employer's practices were uniform and the burden is on the employer to establish that its method for compensating the class members complies with the requirements of Nevada law.

21. The individual plaintiff will fairly and adequately represent the interests of the class and has no interests that conflict with or are antagonistic to the interests of the class and has retained to represent them competent counsel experienced in the prosecution of class action cases and will thus be able to appropriately prosecute this case on behalf of the class.

22. The individual plaintiff and his counsel are aware of their fiduciary responsibilities to the members of the proposed class and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for all

1  members of the proposed class.

2  23. There is no plain, speedy, or adequate remedy other than by maintenance
3  of this class action. The prosecution of individual remedies by members of the class
4  will tend to establish inconsistent standards of conduct for the defendant and result in
5  the impairment of class members' rights and the disposition of their interests through
6  actions to which they were not parties. In addition, the class members' individual
7  claims are small in amount and they have no substantial ability to vindicate their rights,
8  and secure the assistance of competent counsel to do so, except by the prosecution of a
9  class action case.

**AS AND FOR A FIRST CLAIM FOR RELIEF ON BEHALF OF THE NAMED PLAINTIFF AND ALL PERSONS SIMILARLY SITUATED PURSUANT TO NEVADA'S CONSTITUTION AGAINST DEFENDANT BELL TRANS**

12  24. The named plaintiff repeats all of the allegations previously made and
13  brings this First Claim for Relief pursuant to Article 15, Section 16, of the Nevada
14  Constitution against defendant Bell Trans only.

15  25. Pursuant to Article 15, Section 16, of the Nevada Constitution the named
16  plaintiff and the class members were entitled to an hourly minimum wage for every
17  hour that they worked for defendant Bell Trans and the named plaintiff and the class
18  members were often not paid such required minimum wages, in that for some of the
19  weeks they worked, the plaintiff's and the class members' commissions did not equal
20  either $7.25 per hour or $8.25 per hour as required by the Nevada Constitution.

21  26. Bell Trans's violation of Article 15, Section 16, of the Nevada
22  Constitution involved malicious and/or fraudulent and/or oppressive conduct by the
23  defendant sufficient to warrant an award of punitive damages for the following,
24  amongst other reasons:

25  (a) Bell Trans despite having, and being aware of, an express obligation
26  under Article 15, Section 16, of the Nevada Constitution, such obligation
27  commencing no later than July 1, 2007, to advise the plaintiffs and the
28  class members, in writing, of their entitlement to the minimum hourly

7

wage specified in such constitutional provision, failed to provide such written advisement;

(b) Bell Trans was aware that the highest law enforcement officer of the State of Nevada, the Nevada Attorney General, had issued a public opinion in 2005 that Article 15, Section 16, of the Nevada Constitution, upon its effective date, would require Bell Trans and other employers of limousine cab drivers to compensate such employees with the minimum hourly wage specified in such constitutional provision. Bell Trans consciously elected to ignore that opinion and not pay the minimum wage required by Article 15, Section 16, of the Nevada Constitution to its limousine driver employees in the hope that they would be successful, if legal action was brought against them, in avoiding paying some or all of such minimum wages;

(c) Bell Trans, to the extent it believed it had a colorable basis to legitimately contest the applicability of Article 15, Section 16, of the Nevada Constitution to its limousine driver employees, made no effort to seek any judicial declaration of its obligation from the highest and controlling judicial tribunal the Nevada Supreme Court, or a lack of such obligation from the same, under such constitutional provision and to pay into an escrow fund any amounts it disputed were so owed under that constitutional provision until such a final judicial determination was made, Bell Trans also actively opposing having the Nevada Supreme Court make such a determination in a prior lawsuit, *Lucas v. Bell Trans et al.*, 2:08-cv-1792-JAD-NJK;

(d) Bell Trans was aware that it was not paying its limousine drivers the

minimum wage as required by the Nevada Constitution because defendants were previously named as defendants in a prior lawsuit, *Lucas v. Bell Trans et al.*, 2:08-cv-1792-JAD-NJK, which alleged violations of the Nevada Constitution for defendants' failure to pay minimum wage in compliance with Article 15, Section 16 of the Nevada Constitution and resulted in a class action settlement to defendants' drivers who were employed from December 18, 2005 through January 1, 2011. After the resulting settlement, Bell Trans continued its violations of Article 15, Section 16 of the Nevada Constitution as alleged in this Complaint.

27. Bell Trans engaged in the acts and/or omissions detailed in paragraph 26 in an intentional scheme to maliciously, oppressively and fraudulently deprive its limousine driver employees of the hourly minimum wages that were guaranteed to those employees by Article 15, Section 16, of the Nevada Constitution. Bell Trans so acted in the hope that by the passage of time whatever rights such limousine driver employees had to such minimum hourly wages owed to them by Bell Trans would expire, in whole or in part, by operation of law. Bell Trans so acted consciously, willfully, and intentionally to deprive such limousine driver employees of any knowledge that they might be entitled to such minimum hourly wages, despite Bell Trans obligation under Article 15, Section 16, of the Nevada Constitution to advise such limousine driver employees of their right to those minimum hourly wages. Bell Trans's malicious, oppressive and fraudulent conduct is also demonstrated by its failure to make any allowance to pay such minimum hourly wages if they were found to be due, such as through an escrow account, while seeking any judicial determination of their obligation to make those payments.

28. The named plaintiff seeks all relief available to him and the alleged class under Nevada's Constitution, Article 15, Section 16 including appropriate injunctive and equitable relief to make Bell Trans cease its violations of Nevada's Constitution

and a suitable award of punitive damages.

29. The named plaintiff on behalf of themselves and the proposed plaintiff class members, seek, on this First Claim for Relief, a judgment against Bell Trans for minimum wages owed since January 2, 2011 and continuing into the future, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, the plaintiffs and the class members along a suitable injunction and other equitable relief barring Bell Trans from continuing to violate Nevada's Constitution, a suitable award of punitive damages, and an award of attorneys' fees, interest and costs, as provided for by Nevada's Constitution and other applicable laws.

## AS AND FOR A SECOND CLAIM FOR RELIEF PURSUANT TO THE FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS

30. The plaintiff repeats all of the allegations previously made and brings this Second Claim for Relief pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all persons who have filed, or will file, their written consents with the Court to join this lawsuit and against all defendants including the individual defendant, BRENT J. BELL.

31. Pursuant to the applicable provision of the FLSA, 29 U.S.C. §§ 206 and 207, the named plaintiff and the members of the proposed plaintiff class were entitled to a minimum wage and an overtime hourly wage of time and one-half their regular hourly wages for all hours worked in excess of forty hours per week. The plaintiff and the members of the proposed plaintiff class did not receive the minimum wage required by Section 206 of the FLSA, which can allow a "tip credit" against the minimum wage for limousine drivers, but defendants improperly applied such tip credit against the minimum wage they were to pay the plaintiff and the members of the putative plaintiff class as defined in 29 U.S.C. § 203(m) by improperly inflating, on the payroll records for the plaintiff and the members of the proposed plaintiff class, the tips actually received by such persons. The defendants also failed to properly record the actual and full working hours of the plaintiff and the members of the proposed plaintiff class in its

payroll records and paid such persons during certain weeks nothing for some hours of their work and by doing so also violating the minimum hourly wage requirements of the FLSA. Further, the plaintiff and the members of the proposed plaintiff class worked more than 40 hours per week for the defendants, and the defendants willfully failed to make said overtime payments.

32.   The plaintiff, on behalf of themselves and all other similarly situated persons who consent in writing to join this action, seeks, on this First Claim for Relief, a judgment for unpaid minimum wages and overtime wages, and additional liquidated damages of 100% of any unpaid overtime wages and minimum wages, such sums to be determined based upon an accounting of the hours worked by the plaintiff and any such other persons who consent to join this action, and the plaintiffs also seek an award of attorneys' fees, interest and costs as provided for by the FLSA.

### AS AND FOR A THIRD CLAIM FOR RELIEF PURSUANT TO NEVADA REVISED STATUTES § 608.040 ON BEHALF OF THE NAMED PLAINTIFF AND THE PUTATIVE CLASS AGAINST DEFENDANT BELL TRANS

33.   Plaintiff repeats and reiterates each and every allegation previously made herein.

34.   The named plaintiff brings this Third Claim for Relief against the defendant Bell Trans pursuant to Nevada Revised Statutes § 608.040 on behalf of themselves and the alleged class of all similarly situated employees of the defendant Bell Trans.

35.   The named plaintiff has been separated from their employment with Bell Trans prior to the filing of the instant action, and at the time of such separation was owed unpaid wages by the defendant Bell Trans, including the unpaid overtime wages and unpaid minimum wages alleged herein.

36.   Bell Trans has failed and refused to pay the named plaintiff and numerous members of the putative plaintiff class who are the former employees of Bell Trans their earned but unpaid wages, such conduct by Bell Trans constituting a violation of Nevada Revised Statutes § 608.020, or § 608.030 and giving such named plaintiff and similarly situated members of the putative class of plaintiffs a claim against Bell Trans

11

for a continuation after the termination of their employment with Bell Trans of the normal daily wages Bell Trans would pay them, until such earned but unpaid wages are actually paid or for 30 days, whichever is less, pursuant to Nevada Revised Statutes § 608.040.

37. As a result of the foregoing, the named plaintiff seeks on behalf of themselves and the similarly situated putative plaintiff class members a judgment against the defendant Bell Trans for the wages owed to them and such class members as prescribed by Nevada Revised Statutes § 608.040, to wit, for a sum equal to up to thirty days wages, along with interest, costs and attorneys' fees.

WHEREFORE, plaintiff demands the relief on each cause of action as alleged aforesaid.

Plaintiff demands a trial by jury on all issues so triable.

Dated this 19th day of January, 2016.

> Leon Greenberg Professional Corporation
>
> By: /s/ *Leon Greenberg*
>
> LEON GREENBERG, Esq.
> Nevada Bar No.: 8094
> 2965 South Jones Blvd- Suite E3
> Las Vegas, Nevada 89146
> Tel (702) 383-6085
> Fax (702) 385-1827
>
> Attorney for Plaintiff

CONSENT TO JOINDER

Cameron Oliver, by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

*Cameron Oliver*

IAFD

# DISTRICT COURT

## CLARK COUNTY, NEVADA

Cameron E. Oliver

              Plaintiff(s),          CASE NO. _____

    -vs-                                  DEPT. NO. _____

Bell Trans, A Nevada Corporation and
Brent J. Bell

              Defendant(s).

## INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

| New Complaint Fee | 1st Appearance Fee |
|---|---|
| ☐ $1530  ☐ $520  ☐ $299  ☒ $270.00 | ☐ $1483.00  ☐ $473.00  ☐ $223.00 |

Name:

_____  ☐ $30
_____  ☐ $30
_____  ☐ $30
_____  ☐ $30

☐ Total of Continuation Sheet Attached                               ☐ $_____

TOTAL REMITTED: (Required)           Total Paid       $ 270

DATED this 20th day of January, 2016.

                                                /s/ *Leon Greenberg*
                                                Leon Greenberg