ANTHONY L. HALL, ESQ.
Nevada Bar No. 5977
ahall@hollandhart.com
PETER D. NAVARRO, ESQ.
Nevada Bar No. 10168
pdnavarro@hollandhart.com
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone: (775) 327-3000; Fax: (775) 786-6179

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAMERON E. OLIVER, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BELL TRANS, a Nevada Corporation, and BRENT J. BELL,<br><br>Defendants. | CASE NO.:   2:16-cv-00305-JAD-PAL<br><br>**STIPULATION TO STAY ALL PROCEEDINGS FOR**<br><br>**(Second Request)** |

     Plaintiff Cameron Oliver ("Plaintiff), by and through his counsel of record, and Defendants Bell Trans and Brent Bell ("Defendants"), by and through their counsel of record, submit the below stipulation to stay all proceeding in the above captioned matter.  The purpose of this stay is to allow the parties to engage in meaningful settlement discussions in an effort to fully and finally resolve this dispute.  Since the parties' prior request to stay was granted, their negotiations have resulted in an agreement to jointly mediate this case with a related case (also before this Court) in an effort to reach a global resolution as to both matters.  For these reasons, the parties now respectfully request additional time to allow for the analysis of wage and hour data in these related matters so that they will not be required to duplicate costs and efforts by mediating both matters separately.

     The parties therefore stipulate and agree that:

     1.     The above captioned dispute shall be stayed for a period of 72 days commencing on August 12, 2016, and ending October 23, 2016 (the "Stay Period");

2. The Stay Period is calculated to allow this matter to be stayed so that it can be meditated at the same time as the parties mediate a related class/collective action matter that is also presently before this Court, Case No. 2:15-cv-01066-MMD-PAL, *Willie Thurmond v. Presidential Limousine* ("Thurmond Matter"). A stipulation to stay all proceedings in that matter until October 23, 2016, was recently granted by the Court on July 29, 2016.

3. Since the last stay ordered by the Court in this matter, the parties have worked to identify a list of putative class members in this matter. This list was subsequently provided to Plaintiff, and Plaintiff selected 10% of the individuals on the list for which Plaintiff would need detailed wage and hour information in order to prepare for mediation. Defendants began compiling this information but had difficulty exporting the data from Defendants' information systems into a searchable format that would allow Plaintiff to efficiently analyze the data. Once Defendants were finally able to export the data, a review of the information (conducted in preparation for production) revealed that a systemic error had occurred when Defendants attempted to export the data in bulk. That error resulted in inaccurate and incomplete data results. Thereafter, Defendants set to re-compile the requested data. While repeating this process was arduous and time-consuming, it was necessary in order to provide Plaintiff with complete and accurate information. Accordingly, the parties respectfully request additional time to now allow Plaintiff a meaningful opportunity to analyze Defendants' data prior to mediation.

4. If the parties do not resolve this dispute during the Stay Period and do not request an additional stay from the Court to continue settlement negotiations, the parties agree to jointly submit within seven calendar days after the end of the Stay Period: (1) a new Discovery Plan and Scheduling Order; and (2) a briefing schedule for purposes of responding to Defendants' pending motions (Docket Nos. 7 and 8).

5. The forgoing request for stay is made in good faith to enable the parties to engage in meaningful settlement dialogue and not for the purpose of delay.

DATED this 19th day of August, 2016.

| BY: /s/ Dana Sniegocki, Esq.<br>LEON GREENBERG, ESQ.<br>NV Bar No. 8094<br>leongreenberg@overtimelaw.com<br>DANA SNIEGOCKI, ESQ.<br>NV Bar No. 11715<br>dana@overtimelaw.com<br>LEON GREENBERG PROFESSIONAL CORPORATION<br>2965 South Jones Blvd – Suite E3<br>Las Vegas, Nevada 89146<br>Telephone: (702) 383-6085<br>Fax: (702) 385-1827<br><br>*Attorneys for Plaintiff* | BY: /s/ Peter D. Navarro, Esq.<br>ANTHONY L. HALL, ESQ.<br>Nevada Bar No. 5977<br>ahall@hollandhart.com<br>PETER D. NAVARRO, ESQ.<br>Nevada Bar No. 10168<br>pdnavarro@hollandhart.com<br>HOLLAND & HART LLP<br>5441 Kietzke Lane, Second Floor<br>Reno, Nevada 89511<br>Telephone: (775) 327-3000<br>Fax: (775) 786-6179<br><br>*Attorneys for Defendants* |
|---|---|

IT IS SO ORDERED:

_____
United States Magistrate Judge

9032343_1