ANTHONY L. HALL, ESQ.
Nevada Bar No. 5977
ahall@hollandhart.com
PETER D. NAVARRO, ESQ.
Nevada Bar No. 10168
pdnavarro@hollandhart.com
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone: (775) 327-3000; Fax: (775) 786-6179

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAMERON E. OLIVER, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BELL TRANS, a Nevada Corporation, and BRENT J. BELL,<br><br>Defendants. | CASE NO.:   2:16-cv-00305-JAD-PAL<br><br>**Stipulation and Order Staying Proceedings Until March 27, 2017**<br><br>**(Fourth Request)**<br><br>ECF Nos. 7, 8, 25 |

Plaintiffs and Defendants, by and through their counsel of record, submit the below stipulation to stay all proceeding in the above captioned matter.  The purpose of this stay is to allow the parties to continue meaningful settlement discussions in an effort to fully and finally resolve this dispute.  Since the parties' prior request to stay was granted, their negotiations have resulted in an agreement to jointly mediate this case with a related case (also before this Court) in an effort to reach a global resolution as to both matters.  For these reasons, the parties now respectfully request additional time to allow for the analysis of wage and hour data in these related matters so that they will not be required to duplicate costs and efforts by mediating both matters separately.

The parties therefore stipulate and agree that:

1. The above captioned dispute shall be stayed for a period of 65 days commencing on January 21, 2017 , and ending March 27, 2017 (the "Stay Period");

2. The Stay Period is calculated to allow this matter to be stayed so that it can be meditated at the same time as the parties mediate a related class/collective action matter that is also presently before this Court, Case No. 2:15-cv-01066-MMD-PAL, *Willie Thurmond v. Presidential Limousine* ("Thurmond Matter"). A stipulation to stay all proceedings in that matter until Monday, March 27, 2017, is being filed concurrently herewith.

3. Since the last stay ordered by the Court, Defendants have continued to provide Plaintiffs with information related to a sampling of 122 putative class members in this matter. In the parties prior stipulation, they explained the difficulties that Defendants encountered in initially trying to export the wage and hour information Plaintiffs needed to prepare for a mediation in this matter. The parties further explained that once Plaintiffs had received this information, Plaintiffs required adequate time to: (1) analyze the data; (2) have the data examined by their expert prior to mediation; and (3) request additional information (as needed) from Defendants to help with their analysis and that of their expert. At that time, the parties believed this analysis could be completed in time for a January 13, 2017, mediation. However, the analysis was complicated by the fact that Plaintiffs also needed to reconcile the electronic data they received against the physical time sheets where the data was originally recorded. Plaintiffs also required additional information regarding Defendants' health insurance program and logistics related to the routes and vehicles used by Defendants' employees. As of the date of this stipulation, the parties have a mediation date scheduled before Hon. Stewart L. Bell (Ret.) for March 21, 2017.

4. If the parties do not resolve this dispute during the Stay Period, the parties agree to jointly submit within seven calendar days after the end of the Stay Period: (1) a new Discovery Plan and Scheduling Order; and (2) a briefing schedule for purposes of responding to Defendants' pending motions (Docket Nos. 7 and 8).

5. In the event that the Plaintiffs, within 30 days of the expiration of the Stay Period, file a motion seeking to circulate a Notice of Pendency under the Fair Labor Standards Act to facilitate "opt in" joinder of additional plaintiffs, and such motion is subsequently granted, the accrual of the statute of limitations for any such "opt in" joinder plaintiffs who file consents to join

this case shall be tolled for the period of April 20, 2016 through March 21, 2017. Defendants' agreement to the terms set forth in the foregoing sentence does not constitute consent by the defendants to the granting of any such motion nor their consent to any other potential statute of limitations toll that plaintiff may seek.

6. The forgoing request for stay is made in good faith to enable the parties to engage in meaningful settlement dialogue and not for the purpose of delay.

DATED this 21st day of January, 2017.

| BY: /s/ Leon Greenberg, Esq.<br>LEON GREENBERG, ESQ.<br>NV Bar No. 8094<br>leongreenberg@overtimelaw.com<br>DANA SNIEGOCKI, ESQ.<br>NV Bar No. 11715<br>dana@overtimelaw.com<br>LEON GREENBERG PROFESSIONAL CORPORATION<br>2965 South Jones Blvd – Suite E3<br>Las Vegas, Nevada  89146<br>Telephone: (702) 383-6085<br>Fax: (702) 385-1827<br><br>*Attorneys for Plaintiff* | BY: /s/ Peter D. Navarro, Esq.<br>ANTHONY L. HALL, ESQ.<br>Nevada Bar No. 5977<br>ahall@hollandhart.com<br>PETER D. NAVARRO, ESQ.<br>Nevada Bar No. 10168<br>pdnavarro@hollandhart.com<br>HOLLAND & HART LLP<br>5441 Kietzke Lane, Second Floor<br>Reno, Nevada  89511<br>Telephone: (775) 327-3000<br>Fax: (775) 786-6179<br><br>*Attorneys for Defendants* |
|---|---|

**ORDER**

IT IS SO ORDERED.

IT IS FURTHER ORDERED that Bell Trans's Motion to Dismiss [ECF No. 7] and Motion to Certify Questions of Law to the Nevada Supreme Court [ECF No. 8] are DENIED without prejudice to their refiling within 20 days of the expiration of the stay.  In the event that this case is not resolved during the Stay Period, new due dates for these motions should be included in the parties' proposed briefing schedule.

_____
Jennifer Dorsey
U.S. District Judge   1-30-17