LEON GREENBERG, ESQ., SBN 8094
DANA SNIEGOCKI, ESQ., SBN 11715
Leon Greenberg Professional Corporation
2965 South Jones Blvd- Suite E3
Las Vegas, Nevada 89146
Tel (702) 383-6085
Fax (702) 385-1827
leongreenberg@overtimelaw.com
dana@overtimelaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CAMERON E. OLIVER, Individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BELL TRANS, a Nevada Corporation, and BRENT J. BELL,<br><br>Defendants. | CASE NO.: 2:16-cv-00305-JAD-PAL<br><br>**STIPULATION AND ORDER TO PARTIALLY STAY PROCEEDINGS AND WITHDRAW PLAINTIFF'S MOTION AT ECF 56**<br><br>ECF Nos. 56, 63, 64, 70, 75 |

  Plaintiff Cameron E. Oliver, ("Plaintiff") and Defendants Bell Trans and Brent J. Bell (collectively, "Bell Trans" or "Defendants"), through their counsel of record, submit the below stipulation to partially stay proceedings in the above captioned matter and withdraw without prejudice plaintiff's motion at ECF 56 seeking to circulate a notice of pendency.

  This Stipulation is submitted as part of the parties' good faith efforts to present to the Court a class action settlement of this litigation for the Court's approval. Those efforts included the Court's Order of June 19, 2017, ECF 45, granting the parties' stipulation to stay this matter until July 27, 2017 in order to

1

allow the parties time to set forth in greater detail the terms of the parties' proposed settlement, as well as to allow Plaintiff's counsel time to file a motion seeking the Court's approval of the settlement terms. That Order, ECF 45, was the result of the parties' agreement during a mediation held on June 12, 2017 to present to the Court a proposal to settle, on a collective and class-wide basis, all disputes and claims related to this litigation and a related litigation (the related litigation being Case No. 2:15-cv-01066-MMDPAL, *Willie Thurmond v. Presidential Limousine*). Owing to certain disagreements between the parties, the settlement proposal contemplated by the parties at their mediation was not presented to the Court for its approval.. As a result, at a status conference held on February 12, 2018 with District Judge Dorsey, a minute order was issued and this case returned to active litigation. *See*, ECF 57.

As a result of the return of this case to active litigation on February 12, 2018, plaintiff re-filed a motion seeking to circulate a notice of pendency under the Fair Labor Standards Act, ECF 56, that motion having originally been filed prior to the parties' mediation on April 26, 2017, ECF 29, and denied without prejudice by the stay effectuated by the Court's Order at ECF 45. Defendants in turn filed opposition to that motion (ECF 59) and a now withdrawn motion for sanctions (ECF 65 withdrawn at ECF 74) with plaintiff filing a reply in support of their motion for notice of pendency (ECF 66) and a motion to strike ECF 59 (ECF 67) and an opposition to the defendants' motion for sanctions (ECF 72).

Since the Court's February 12, 2018 status conference, and the foregoing sequence of motion filings, oppositions, and replies, the parties have further conferred and committed to participate in a binding mediation session on July 31, 2018 with JAMS mediator and retired Judge Stewart Bell who also officiated at the July 2017 mediation session. The parties, except for one issue discussed *infra*, have pledged to resolve their outstanding differences, which the parties also agree are limited in scope, and present to the Court a settlement proposal based upon their agreement and whatever rulings Judge Bell makes at the mediation session that are necessary to fully finalize such agreement. The one issue that the parties cannot resolve is the plaintiff's pending motion ECF 67 which seeks to strike from the record defendants' filing of certain materials at ECF 59 and 66 (along with the striking of ECF 65 and 72 of the necessary response to those materials). The parties do not agree to stay the disposition of plaintiffs' motion at ECF 67 and the parties request the Court suitably rule on that motion in due course.

In light of the foregoing, the parties believe this litigation, with the exception of the Court's consideration and disposition of plaintiffs' motion at ECF 67, should be stayed until August 30, 2018, which is 30 days after the currently scheduled July 31, 2018 binding mediation session and the *status quo* of this litigation otherwise maintained without prejudice to any of the parties' litigation positions. The parties are confident that a proposed class action settlement will be presented to the Court for its consideration prior to the expiration of that stay.

It therefore is hereby Stipulated, Agreed and Ordered, that:

1. This case is stayed, except for the plaintiff's motion at ECF 67 which shall be decided by the Court, until August 30, 2018; and

2. Plaintiff's motion at ECF 56 is withdrawn without prejudice.

Dated May 16, 2018

Respectfully submitted,

/s/ *Leon Greenberg*
LEON GREENBERG, ESQ.
DANA SNIEGOCKI, ESQ.
LEON GREENBERG
PROFESSIONAL CORPORATION
2965 South Jones Blvd., #E3
Las Vegas, NV 89146
Tel (702) 383-6085
Fax (702) 385-1827
Attorneys for Plaintiffs

Dated May 16, 2018

Respectfully submitted,

/s/ *Anthony Hall*
ANTHONY L. HALL, ESQ.
PETER NAVARRO, ESQ.
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511
Tel: (775) 327-3000
Fax: (775) 786-6169
Attorneys for Defendants

## ORDER

Based on the parties' stipulation [ECF No. 75] and good cause appearing, IT IS HEREBY ORDERED THAT:

(1) The Motion for Circulation of Notice **[ECF No. 56] is DEEMED WITHDRAWN** without prejudice;

(2) The stipulations for extension of time to respond to that motion, and the Motion for Leave to File Supplement re: Reply **[ECF Nos. 63, 64, 70] are DENIED** as moot;

(3) The Court will address the Motion to Strike [65] Motion for Sanctions [ECF No. 67] in due course; and

(4) **This action is STAYED** for all other purposes until August 30, 2018.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: May 18, 2018