# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CAMERON E. OLIVER, Individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BELL TRANS, a Nevada Corporation, and BRENT J. BELL,<br><br>Defendants. | CASE NO.: 2:16-cv-0305-JAD-PAL<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br>[ECF. 85] |

The Court has before it the parties' joint motion for preliminary approval of a proposed class action settlement ("Settlement"), which is subject to review and approval under Fed. R. Civ. Pro. Rule 23 which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of this Action. After reviewing the Motion for Preliminary Approval, the Stipulation of Settlement ("Stipulation") submitted with that Motion and adopting for use in this Order the terms defined in the Stipulation and which will have the same meaning in this Order as they do in the Stipulation, and reviewing all relevant documents filed with the Court, the Court hereby finds and orders as follows:

1. The Court finds on a preliminary basis, subject to further consideration at the Final Approval Hearing to be held on 4-12-19 at 3:30 p.m., a date that is at least 150 days after the date of this Order, that the Settlement memorialized in the

1

Stipulation appears to be fair, adequate and reasonable, falls within the range of reasonableness, and therefore meets the requirements for preliminary approval and grants such preliminary approval, subject to any objections by members of the below specified Class and Collective Action and final review by the Court. The Court also finds that this Stipulation is the result of protracted arms-length negotiations between experienced counsel.

    2.    Pursuant to Fed. R. Civ. P. 23 and the Fair Labor Standards Act, 29 U.S.C. Sec. 216(b), and for the purposes of this Settlement only, the Court preliminarily certifies the following class and collective action ("Class") as defined in the Stipulation to be all persons identified on Exhibit "1" to the Stipulation, such persons being vehicle drivers employed by Bell Trans during the Class Period defined in the Stipulation, and in the event any such persons are deceased or legally adjudicated incompetent, their legal representative or heirs at law.

    3.    The Court finds, for purposes of <u>settlement only</u>, that the Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (a) the Class is so numerous that joinder is impracticable; (b) there are questions of law and fact that are common to all Class members, which questions predominate over individual issues; (c) the claims of the Class Representative designated in this Order are typical of the claims of the Class; (d) the Class Representative designated in this Order and Plaintiffs' Counsel will fairly and adequately protect the interests of the Class; and (e) a class action is superior to other available methods for the fair

and efficient adjudication of the controversy.

4. The Court, for settlement purposes only, appoints named Plaintiff Cameron Oliver as Class Representative for the Class.

5. The Court appoints for settlement purposes only Leon Greenberg and Dana Sniegocki of Leon Greenberg Professional as counsel for the Class.

6. The Court appoints Simpluris as Claims Administrator and preliminarily finds that the estimated Administration Costs in the amount of $12,500 is fair and reasonable.

7. The Court approves, as to the form and content, the Class Notice forms ("Notice") attached to the Stipulation as Exhibit 3 for dispatch to the Class Members, *as modified in open court on 11/8/18*, and the Class Members. The Court finds such Class Notice form appropriately informs the members of the Class of the (1) terms of the proposed Settlement; (2) preliminary approval of the Settlement; (3) scheduling of the Final Approval Hearing; (4) the Consent/Claim Form attached to the Stipulation as Exhibit 2 that Class Members must sign and return to receive an Individual Settlement Payment under the proposed Settlement; and (5) the Request for Exclusion Form, attached to the Stipulation as Exhibit 4. The Court finds that the dates selected for the mailing, distribution and response to the Notice and the submission of Claim/Consent Forms, objections, and Requests for Exclusion from the Class meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto and meet the

3

requirements of Rule 23 and the Fair Labor Standards Act.

8. Class Members shall be bound by the determinations and judgments in the Action with respect to the Stipulation, whether favorable or unfavorable, unless they request exclusion in a timely and proper manner as described in the Notice. Class Members excluded from the Class shall not be entitled to receive any Individual Settlement Payment from the Settlement as described in the Stipulation.

9. The Court enjoins Plaintiff and all Class Members from filing or prosecuting any claims, suits or administrative proceedings regarding claims that would be released upon the final approval of the Settlement and the final judgment to be entered thereon, unless and until such Class Members have filed a valid request for exclusion with the Claims Administrator and the time for filing claims with the Claims Administrator has elapsed.

10. The Court Orders the parties and the Claims Administrator to proceed with the other actions agreed upon in the Stipulation within the time periods specified therein.

11. The purpose of the Final Approval Hearing shall be as follows:

    a. To finally determine whether the Action satisfies the applicable requisites for class and collective action treatment of the Class under Fed. R. Civ. P. 23 and the Fair Labor Standards Act for the purposes of this Settlement;

    b. To determine whether the proposed Settlement is fair, reasonable, and

4

adequate, and should be approved by this Court;

c. To determine whether the Settlement Order and Final Judgment as provided under the Stipulation should be entered in the Action, dismissing the Complaint filed in the Action against the Defendants, on the merits and with prejudice, and to determine whether the Release of Claims, as set forth in the Stipulation, should be provided to the Defendants and Released Parties;

d. To determine whether the distribution of the Net Settlement Fund, as set forth in the Notice and Stipulation, is fair and reasonable and should be approved by this Court;

e. To consider Plaintiff's Counsel's application for an allocation of attorneys' fees and expenses;

f. To consider comments and/or objections to the Settlement, including the distribution of the Net Settlement Fund, provided that the comments and/or objections are submitted in a timely and proper manner as specified in the Stipulation;

g. To consider approval of the Class Representative Service Award Payment as specified in the Notice and Stipulation for the Class Representative appointed by this Order for his assistance in the prosecution of the Action and their release of their individual claims.

h. To rule upon such other matters as this Court may deem appropriate.

12. In the event no objections to the Settlement are received in a timely manner and in the form provided for in the Notice, the Court may cancel the Final Approval Hearing, without notice to the Class, and proceed to make the foregoing determinations required under Rule 23 and the Fair Labor Standards Act based upon the written submissions of the parties.

13. Any Class member who does not object to the Settlement, as provided for in the Notice and within the time period allotted by the Stipulation, shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement and its terms, including, the Final Settlement Order, the award of fees and expenses to Plaintiff's Counsel, the Class Representative Service Award Payment, and the distribution of Settlement Awards as provided for in the Stipulation and the Notice.

14. Plaintiff's Counsel shall, as provided to them by the Claims Administrator, at or before the Final Approval Hearing, file with this Court proof of mailing of the Notice and the Claim/Consent and Request for Exclusion Forms to the Class members.

15. This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement and its terms as set forth in the Stipulation and the Notice.

**IT IS SO ORDERED**

DATED: Nov. 8, 2018.

_____
HON. JENNIFER A. DORSEY
DISTRICT JUDGE